## APPEAL OF DAVID G. JOYCE.

*Docket No. 476. Submitted October 22, 1925. Decided January 19, 1926.*

The expense incurred by a husband in resisting a claim by his wife attacking the validity of a postnuptial agreement, which purported to limit and fix their respective property rights, is not an ordinary and necessary business expense, even though the husband's sole business or occupation was the management and conservation of his estate.

*J. Harry Covington, Esq., M. P. Wormhoudt, Esq.,* and *Howard Kroehl, C. P. A.,* for the taxpayer.

*Robert A. Littleton, Esq.,* for the Commissioner.

Before STERNHAGEN and ARUNDELL.

This is an appeal from the determination of a deficiency of less than $10,000 in income taxes for 1920. The taxpayer alleges that the Commissioner erroneously disallowed a deduction of $22,500, claimed as a business expense and designated as " legal and professional expenses paid for transacting affairs."

The evidence consists of a stipulation of facts, signed by counsel, with documentary exhibits annexed thereto, and an affidavit by the taxpayer offered on behalf of the Commissioner. It was stipulated that the amount expended and claimed as a deduction was $15,000.

### FINDINGS OF FACT.

In 1912 the taxpayer married Roberta Acuff. In 1913 they entered into a postnuptial agreement with each other which purported to define and fix all of the property rights of each during their respective lives and during the continuance of the marriage and after its dissolution, whether by death or divorce. Under the terms of this agreement the taxpayer deposited with the Northern Trust Co., of Chicago, Ill., as trustee, $200,000 par value of securities, and the trustee was to pay the income therefrom to the taxpayer's wife, Roberta Acuff Joyce. In 1916 the agreement was modified so that the taxpayer was substituted as trustee.

In 1920 taxpayer's said wife employed attorneys to bring about an annulment or modification of the postnuptial agreement. In order to resist the attack upon this agreement, the taxpayer engaged counsel in connection with such proposed attack.

Thereafter, and in 1920, Roberta Acuff Joyce instituted a proceeding in the Superior Court of Cook County, Ill., for a divorce of said Roberta Acuff Joyce from the taxpayer, in which she prayed that the court decree to her such portions of the property of David G. Joyce, or such sums of money to be paid to her by him as might be necessary and proper for her maintenance, in proportion to his property and income.

During the progress of said proceeding the said postnuptial agreement of 1913, as modified in 1916, was further modified by a new agreement between the parties, dated August 26, 1920, which agreement is still in force.

The last-mentioned agreement provides for a trust fund of $200,-000, and the payment of the income therefrom to Roberta Acuff Joyce during her lifetime. At her death the trust is to terminate and the principal is to revert to the taxpayer, or, if he be not then

living, to his nominees or to his legal heirs, legal representatives or assigns. Each of them releases any right, title or interest in the property of the other, and every other right arising out of the marital relation, except the right of Roberta Acuff Joyce to receive the money awarded in the decree mentioned below. The said agreement contains the following preambles, among others:

WHEREAS, the said second party has heretofore filed her bill in chancery in the Superior Court of Cook County, being cause No. 354,970 in said court against said first party, praying for divorce and alimony; and

\*        \*        \*        \*        \*        \*        \*

WHEREAS, on issue duly joined in the said cause, a hearing has been had upon the question of the right of the second party to a decree of divorce against the first party on the ground of extreme and repeated cruelty; and

WHEREAS, the court which has heard said evidence has announced that, in the opinion of the court, the evidence presented justifies and requires the entry of the decree of divorce and the said court has set down for further hearing matters involving the question of said alimony and the question of how far, if at all, the said second party hereto is bound by the provisions of the said agreement dated October 24, 1913; and

WHEREAS, the parties hereto desire to avoid further litigation and question on matters relating to alimony and the settlement of the property rights of the respective parties hereto and for that purpose have agreed to modify the said agreement of October 24, 1913, in the respects hereinafter set forth and to appoint The Merchants Loan and Trust Company as Trustee in place of the said David G. Joyce.

In the final decree of divorce is contained the following:

The Court doth further FIND that, during the continuance of such marriage and on or about the 24th day of October, 1913, the complainant and defendant entered into a trust agreement by which securities of a nominal or par value of Two Hundred Thousand ($200,000.00) Dollars were set apart as a trust fund with the Northern Trust Company as Trustee under certain terms in said agreement set forth.

The Court FINDS that the complainant has claimed that the said trust agreement is not binding upon her and that she was not precluded thereby from claiming an allowance in this suit commensurate with the income and property of the said defendant, but the Court further FINDS that, since the taking of testimony in this cause, in support of the allegations of the bill of complaint as to extreme and repeated cruelty, the complainant and defendant have agreed upon a modification of the said trust agreement, by the terms of which the said complainant shall, during the full term of her natural life, receive the income from a trust fund of the principal amount of Two Hundred Thousand ($200,000.00) Dollars, and by the terms of which all the principal of said trust fund shall, at the death of the complainant revert to the defendant or his legal representatives, legatees or assigns, and that, since the hearing of the evidence in this cause and before the entry of this decree, the complainant, having been fully advised of her rights in the premises and the defendant likewise fully advised of his rights in the premises, have executed such modified agreements.

The Court FINDS that, in connection with the said modification of the said agreement, the said complainant and defendant, through their respective counsel, have agreed that, if a decree of divorce should be entered in this cause, the defendant should pay to the complainant the sum of Fifty Thousand

($50,000.00) Dollars in cash in a lump sum in lieu of all other claims for alimony, temporary or permanent, and that the defendant should further pay to the complainant for the expenses of this suit and for solicitor's fees the further sum of Fifteen Thousand ($15,000.00) Dollars and that, upon the making of such payments, the said complainant and the said defendant should respectively be barred of all further claims, title or interest of every name and nature whatsoever in the property of the other whether such property be real, personal or mixed and that each of the said parties shall, from the date of the entry of this decree, be released from all obligations of every nature and description to support or contribute to the support of the other party hereto; the Court being fully advised in the premises IT IS ORDERED, ADJUDGED AND DECREED, that the defendant pay to the complainant the sum of fifty thousand ($50,000.00) dollars in cash, in lieu of all claims for alimony, temporary or permanent and in lieu of dower inchoate or consummate the right of homestead and of all other or further claims, title or interest of every name and nature in and to the property real or personal of the defendant, and that the defendant should further pay to the complainant, for the expenses of this suit and for solicitor's fees, the further sum of Fifteen Thousand ($15,000.00) Dollars and that upon the making of such payments, the said complainant and the said defendant should respectively be barred from all further claims, title or interest of every name or nature whatsoever, in the property of the other, whether such property be real, personal or mixed, and that each of the said parties shall from the date of the entry of this decree be released from all obligations of every nature and description to support or contribute to the support of the other party.

The taxpayer's sole business from which he derived any income during 1920 was the investment, management, and preservation of his estate or property interests. His only income consisted of dividends on stock and interest on bonds owned by him, such stock and bonds constituting the whole of his estate. They were stock and bonds of corporations of which he was a director or officer, and he devoted his time to these corporations without compensation in order to protect his investments therein.

The expenditure made by the taxpayer in connection with the proceedings respecting the postnuptial agreement, which is claimed as a deduction, was $15,000, paid to his attorney, who did not represent him in the divorce proceeding.

DECISION.

The determination of the Commissioner is approved.

OPINION.

ARUNDELL: The only question in this appeal is whether or not the expenditure of $15,000 for legal services, in the circumstances set forth in the findings of fact, may be properly classified as a business expense, so that the taxpayer shall be entitled to deduct it from his gross income. Section 214 (a) (1), Revenue Act of 1918, provides that there shall be allowed to individuals as deductions, "all the ordi-

nary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." It is argued on behalf of the taxpayer that he is engaged in the business of managing, investing, and preserving his estate, and that the attack, or threatened attack, by his wife on the postnuptial agreement was an attack upon or a claim against his property. It is not asserted that the expense of every litigation which might result in diminishing the taxpayer's estate would be a business expense. The contention is that the agreement related to his property, and, since the property was the "subject matter" of his business, the agreement had the effect of giving him greater freedom in managing his "business property"; therefore, the expense of defending and maintaining this agreement is a business expense. This reasoning is ingenious, but we do not think it is sound. We pass the question of whether this taxpayer was carrying on any trade or business, because its answer is unnecessary to a decision of the case. We think the expenditure, in any event, was not a business expense within the meaning of the statute.

The effect of the agreement may have been all that the taxpayer claims, but that does not determine the character of the agreement or of the claims for its modification. Also, his purpose in entering into the agreement, or in resisting the attacks upon it, is not determinative of the nature of the expense. Any kind of liability to which he might have been subjected, however remote from the carrying on of his business, would have the same results to his estate. The taxpayer's argument ignores the genesis of the rights which he attempted to settle and limit by the postnuptial agreement. Whatever rights the wife had arose out of the marriage relationship, and her claims subsequent to the postnuptial agreement were certainly of the same origin. It is this fact which must determine the nature of the expense of opposing or adjusting those claims. To say that it was an ordinary and necessary expense incurred "in carrying on any trade or business" would be to broaden the scope of this language beyond any reasonable interpretation of it.

It is hardly necessary to allude to the fact that marriage is a personal relationship, except for the purpose of pointing out that the legal rights and obligations annexed to the relationship are also personal, and the expenses connected therewith would, we think, come within the classification of personal or family expenses. The Revenue Act expressly provides that personal and family expenses may not be deducted from gross income.